UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00357-SRC |
| | ) | |
| ELITE AUTO SHIPPING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Memorandum and Order

This matter is before the Court upon the motion of Plaintiff Andrew Walker for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that Plaintiff is unable to pay the filing fee, and grants the motion. Additionally, for the reasons discussed below, the Court dismisses this action without prejudice for lack of subject matter jurisdiction, and denies as moot Plaintiff's motion seeking the appointment of counsel.

### Legal Standard

Because "[t]he threshold requirement in every federal case is jurisdiction," the Eighth Circuit has admonished district courts "to be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citation omitted). Under 28 U.S.C. § 1332, federal district courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states . . . ."

### The Complaint

Plaintiff is a frequent *pro se* and *in forma pauperis* litigant. He filed the instant Complaint against Elite Auto Shipping, Inc.; Monway Express, LLC; and Northland Insurance

Co.  In his Complaint, filed on a civil pro se complaint form, he identifies himself as a Missouri resident, and he identifies the defendants as residents of New York, Illinois, and Minnesota.  He invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332, and identifies his cause of action as an action on a promissory note.

In setting forth his statement of claim, Plaintiff alleges that on October 30, 2021, "the defendant" promised to pay him $50,000, but has not paid.  Doc. 1 at p. 4.  The "Amount in Controversy" section of the form is blank.  *Id.*  Plaintiff then refers the Court to his "Exhibit A," which he describes as a "promissory note."  *Id.*  Review of the attachments to Plaintiff's Complaint shows a blank page marked "Exhibit A," followed by a copy of a screen shot of a text message exchange between unidentified parties. Doc. 1-1. The text message exchange reads as follows:

> You guarantee that if anything happen to that 1986 XJ6 Jaguar that it will be and covered for $50,000 and I'll be able to recoup that from the insurance company. YES or NO.
>
> yes, but nothing will happen to your vehicle we been in business for 11 years we are not rookies at this
>
> We are just in the business of covering ourselves. Nothing to do with your professionalism. Did you resend updated contract?
>
> yes, i did
>
> and i understand is a very expensive vehicle i will make sure driver treats her good
>
> +hanks
>
> driver has been notify to make vehicle gets white glove service

*Id.* at 2.[1]

In setting forth his prayer for relief, Plaintiff writes:

---

[1, 2] The text is quoted without correction of spelling and grammatical errors.

2

> DEFENDANT BREACHED CONTRACT THE CONTRACT ENTERED INTO BETWEEN THE PARTIES STATE IF LAINTIFF'S AUTO GETS DAMAGE IN THE TRANSPORT OF HIS AUTO DEFENDANTS WOULD COMPENSATE PLAINTIFF $50000. PLAINTIFF'S AUTO DID IN FACT GET DAMAGED AND DEFENDANTS FAILED TO PAY PLAINTIFF $50000 AND NEGLIGENTLY CAUSE PHYSICAL AND EMOTIONAL DAMAGE

Doc. 1 at p. 6.[2]

## Discussion

Plaintiff invokes this Court's jurisdiction on the basis of diversity of citizenship.  Doc. 1 at pp. 3–4.  "When the two parties to an action are citizens of different states," as Plaintiff alleges is the case here, "a federal district [court's] jurisdiction extends to 'all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) (citing 28 U.S.C. § 1332(a)).  And while "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction," *id.*, Plaintiff fails to allege the jurisdictional amount here.

In the Complaint, Plaintiff states that the defendants failed to pay him $50,000, but leaves the "Amount in Controversy" section of the form blank and makes no attempt to establish that this suit could sustain a judgment in excess of $75,000.  And his civil cover sheet, which indicates he is demanding $100,000, also fails to satisfy the amount-in-controversy requirement.  The civil cover sheet itself states that "[t]he information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law . . . ."  *See also Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989) (per curiam) ("[A] civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers."); Fed. R. Civ. P. 7 (defining pleadings to include, among other things, complaint but not civil cover sheet).

3

Heeding the Eighth Circuit's admonition to "be attentive to a satisfaction of jurisdictional requirements in all cases," *Sanders*, 823 F.2d at 216, the Court finds that it lacks subject matter jurisdiction because the Complaint fails to allege an amount in controversy in excess of the jurisdictional amount.  Accordingly, the Court grants Plaintiff's [2] Application to Proceed in District Court Without Prepaying Fees or Costs.  The Court dismisses this case without prejudice.  A separate Order of Dismissal accompanies this memorandum and order.  The Court denies Plaintiff's [3] Motion to Appoint Counsel as moot.  The Court certifies that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of July 2022.

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE